FILED
CLERKS OFFICE
U.S. DISTRICT COURT

04 CV 30186

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

Ferdinand Santiago )
)
v. ) Docket No. 03-30011
)
United States of America )
)

**PETITIONER'S MOTION AS ATTACHMENT**

**TO 28 U.S.C. §2255 PETITION**

Now comes Ferdinand Santiago, acting pro se in the above action and numbered cause, to be referred to as "Petitioner" in the following:

## ARGUMENT

**I. The Court Violated Petitioner's Sixth Amendment Right to have a Jury Determine the Drug Amount attributable to him for Sentencing Purposes.**

Blakely v. Washington, 124 S.Ct. 2531 (2004), United States v. Booker, No. 3-4225 2004 WL 1535858 (7TH Cir. July 9, 2004), and United States v. Ameline, No. 02-30326,

CR-02-00011-SEH (9TH Cir. July 21, 2004), make clear that any factors that increase a defendant's sentence over the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. Blakely, 542 U.S. slip op at 5. The "statutory maximum" "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted to by the defendant." Id. at 7. (citation omitted).

With regard to federal sentencing, the statutory maximum is the Sentencing Guideline range for the offense to which the defendant pled.

The Petitioner pleaded guilty to one (1) count of Establishment of a Manufacturing Operation, in violation of 21 U.S.C. §856(a)(2), and Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1).

U.S.S.G. §2D1.8(a)(1) applies in order to determine the base offense level for 21 U.S.C. §856(a)(2).

The Court, implementing a preponderance of the evidence standard, and relying on the calculations included in the Pre-Sentence Investigation Report (PSR), attributed a total of 210 grams of cocaine base to the Petitioner, culminating in a base offense level of 34.

The Petitioner was informed by counsel that, in the event he argued the drug amount, or disputed any aspect

of the plea agreement, the government intended to discontinue its plea negotiations with his common-law wife, Maribel Roman, and the Petitioner's brother, Carlos Santiago, and take them to trial, where their charges would subject them to a statutory maximum of life imprisonment.***

The Petitioner did take the position, (PSR p. 3), and continues to do so today, that 2D1.8(a)(1) applies, and accordingly the base offense level is specified in the Drug Quanity Table set forth in U.S.S.G. §2D1.1(c).

It is axiomatic that the Petitioner would not have been held accountable by a jury beyond a reasonable doubt for 210 grams, considering the evidence that would have been presented in such an instance.

Petitioner received a downward departure of 2 levels due to his correctly perceived role as a minor participant in any criminal activity. This departure was deemed warranted by the investigator due to the fact that "the defendant was not present during many of the drug transactions and did not actively participate in

---

*** Shortly after the Petitioner's sentencing, Maribel Roman was sentenced to a term of 2 years, and Carlos Santiago to a term of 5 years.

<u>any</u> of the transactions performed in his presence..."
(PSR p. 13) (emphasis added).

In addition, both the government and the Petitioner agreed that "the evidence available to the United States showed that Maribel Roman actively distributed the vast majority of cocaine base." (PSR p. 3).

Based on the proceeding argument, the Petitioner's Group I Adjusted Offense Level should be 10 (Base Offense Level of 12, Minus 2 Levels for role in the offense).

The Petitioner's Group II Adjusted Offense Level is 16 (PSR p. 14). Therefore, pursuant to U.S.S.G. §3D1.4, there is to be no increase in offense level from the higher level of each Grouping.

Therefore, deducting the 3 levels the Petitioner received for Acceptance of Responsibility, the Petitioner's revised Offense Level is 13. Based on a Criminal History Category of III, this equates to a sentencing range of 18 to 24 months.

### II. Court erred in Reducing Petitioner's Offense Level Only 2 Levels for Mitigating Role.

Section 2D1.1(a)(3)(b), U.S.S.G., states in part that, "when the defendant receives an adjustment for a mitigating role and (B) the base level is (1) 32, decrease by 2

-4-

levels, (2) level 34 or 36, decrease by 3 levels, and (3) if level 38, decrease by 4 levels."

Petitioner received only a 2-level departure based on his mitigating role as a minor participant. (PSR p.13)

## CONCLUSION

Based on the foregoing arguments, the Petitioner asks this Court to vacate his sentence and remand this matter for further proceedings, or grant any other relief it deems proper.

Respectfully submitted,

*[signature]*
Ferdinand Santiago, pro se

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing PRO SE §2255 MOTION has been duly served on the Office of the U.S. Attorney for the District of Massachusetts on this 14TH day of September, 2004, by placing same in the mail box for outgoing legal mail at FCI Ft. Dix, New Jersey, postage prepaid, via U.S. Mail.

Respectfully,

_/s/ Ferdinand Santiago_
Ferdinand Santiago, pro se

cc: AUSA William M. Welch II
    Office of the U.S. Attorney
    District of Massachusetts
    1550 Main Street, Suite 310
    Springfield, MA 01103

---

    Ferdinand Santiago
    No. 90727-038
    Federal Correctional Institution
    P.O. Box 2000 East - Bldg. 5703
    Fort Dix, New Jersey 08640