UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FERDINAND SANTIAGO,          )    CA-04-3-186-MAP
                             )
            vs.              )
                             )
UNITED STATES,               )
                             )
_____ Defendant.     )

## GOVERNMENT'S RESPONSE TO 28 U.S.C. § 2255

The United States of America, by and through Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, and William M. Welch II, Assistant United States
Attorney, hereby responds to Ferdinand Santiago's (hereinafter
"Santiago") motion under 28 U.S.C. § 2255.

## I.   Santiago Waived His Right To Challenge His Sentence Under § 2255 Pursuant To His Plea Agreement.

In the present case, Santiago pled guilty pursuant to a plea
agreement. See Exhibit 1.  Pages 4-5 of the plea agreement
specifically stated that

> In consideration of the concessions made by
> the U.S. Attorney in this Agreement,
> Defendant knowingly and voluntarily waives
> his right to appeal or collaterally
> challenge:
>
>> A.   Defendant's guilty plea and any other
>>      aspect of Defendant's conviction,
>>      including, but not limited to, any
>>      rulings on pretrial suppression motions
>>      or any other pretrial dispositions of
>>      motions and issues; and

1

> B.   The imposition by the District
>      Court of the sentence agreed to by
>      the parties, as set out in
>      paragraph 4 and, even if the Court
>      rejects one or more positions
>      advocated by the parties with
>      regard to the application of the
>      U.S. Sentencing Guidelines.
>
> Defendant's waiver of rights to appeal and to
> bring collateral challenges shall not apply
> to appeals or challenges based on new legal
> principles in First Circuit or Supreme Court
> cases decided after the date of this
> Agreement <u>which are held by the First Circuit
> or Supreme Court to have retroactive effect</u>.

On page 8 of the plea agreement, Santiago certified that he had read the plea agreement, understood its terms, and agreed with its contents. <u>See</u> Exhibit 1, pg. 8.

As discussed more fully below, the Supreme Court never held that <u>Blakely</u> has retroactive effect.  Therefore, the court should dismiss this § 2255 motion because Santiago waived his right to collaterally challenge his plea and his sentence as part of his plea agreement.

## II.   <u>Blakely</u> Does Not Apply To Santiago's Case Becaue He Admitted To All Of The Enhancements In A Plea Agreement.

"'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" <u>Blakely v. Washington</u>, 124 S.Ct. 2531, 2536 (2004)(quoting <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)). <u>Blakely</u> re-affirmed what Supreme Court precedents previously made

2

"clear, however, that the `statutory maximum' for <u>Apprendi</u>

purposes is the maximum sentence a judge may impose *solely on the*

*basis of facts reflected in the jury verdict or admitted by the*

*defendant.*" <u>Blakely</u>, 124 S.Ct. at 2537 (citations

omitted)(emphasis in original).

As stated, Santiago pled guilty pursuant to a plea

agreement. <u>See</u> Exhibit 1.  Page 2 of the plea agreement

specifically stated that

> The parties agree to jointly take the
> following positions at sentencing with regard
> to offense conduct, adjustments and criminal
> history under the United States Sentencing
> guidelines:
>
> A.   §2D1.8(a)(1) applies because the
>      total amount of crack cocaine
>      equals 210 grams, and the defendant
>      participated in the underlying
>      controlled substance violation.

On page 8 of the plea agreement, Santiago certified that he had

read the plea agreement, understood its terms, and agreed with

its contents. <u>See</u> Exhibit 1, pg. 8.

Thereafter, the U.S. Probation Office prepared a Pre-

Sentence Report. <u>See</u> Exhibit 2.  The Pre-Sentence Report

incorporated the contents of the plea agreement at Paragraph 10.

<u>See</u> Exhibit 2, pg. 2.  The Pre-Sentence Report also outlined the

offense conduct, including Santiago's use of his brother's house

to store crack cocaine at Paragraph 21. <u>Id</u>. at 11.  The Pre-

Sentence Report further stated at Paragraph 25 that the total

3

amount of crack cocaine involved in the offense was 210 grams.
Id.  The Pre-Sentence Report reflected that Santiago did not
object to any of the factual allegations contained within the
Pre-Sentence Report. Id. at 28.

Based upon the above, Blakely does not apply.  Santiago
admitted that his offense involved 210 grams of crack cocaine.
He specifically agreed to this enhancement as part of his plea
agreement and ultimately pled guilty and received his sentence
based upon that admission.  Therefore, Santiago's § 2255 motion
should be denied because it did not violate his Sixth Amendment
right under Blakely.

**III. Assuming Arguendo That Blakely Applies To Santiago's Case, Blakely Is Not Retroactive And Cannot Apply To A § 2255 Claim.**

Because Blakely is a "new constitutional rule of criminal
procedure," it does not apply retroactively to cases that became
final before the decision in Blakely, which was June 24, 2004.
See Schriro v. Summerlin, 2004 WL 1402732 (June 24, 2004); Teague
v. Lane, 489 U.S. 288 (1989).  In Summerlin, the Court considered
whether Ring v. Arizona, 536 U.S. 584 (2002), applied
retroactively to death penalty cases that had already become
final when Ring was decided.  Ring held that because Arizona law
authorized the death penalty only if an aggravating factor was
present, Apprendi required the existence of such a factor to be
proved to a jury rather than to a judge.  Summerlin's conviction

4

and death sentence, which was imposed under the same Arizona law
that was at issue in Ring, became final long before Ring was
decided.

The Supreme Court held that "Ring announced a new procedural
rule that does not apply retroactively to cases already final on
direct review." Summerlin, 2004 WL 1402732 at *7.  The Court
explained that a "new rule" resulting from one of its decisions
applies to convictions that are already final only in limited
circumstances.  New substantive rules generally apply
retroactively, but new procedural rules generally do not except
to "'watershed rules of criminal procedure' implicating the
fundamental fairness and accuracy of the criminal proceeding.'"
Id. at *3.  The Court concluded that Ring's holding is properly
classified as procedural, rather than substantive, because it did
not alter the range of conduct or the class of persons subject to
the death penalty in Arizona; instead, it merely changed the
method of determining whether the defendant engaged in that
conduct.  Id. at *4.  The Court also held that Ring did not fall
within Teague's narrow exception for "watershed rules" of
criminal procedure.  To qualify as a watershed rule, the Court
explained, a new procedural rule must be one "without which the
likelihood of an accurate conviction is seriously diminished."
The Court held that Ring did not announce a watershed rule of
criminal procedure because it could not confidently say that

judicial factfinding seriously diminishes the accuracy of capital sentencing proceedings. Id. at *4-*5.

Consistent with the reasoning of Summerlin, the First Circuit, like all of the other courts of appeals, has held that because Apprendi is a procedural rule that does not fall within the "watershed" exception, it is not retroactively applicable to cases on collateral review. See Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003). Similarly, since the Supreme Court's decision in Blakely, various courts of appeals have held that Blakely is not retroactive to cases on collateral review. Leonard v. United States, 2004 WL 2048682 at *2 (10th Cir. September 8, 2004); Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)(in dismissing motion for authorization, holding that Supreme Court has not made Blakely applicable to cases on collateral review); In Re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(holding that the Supreme Court "has not expressly declared Blakely to be retroactive to cases on collateral review" in denying application for collateral review).

Based upon the above, Blakely is not retroactive to cases on collateral review. First, the Supreme Court has not expressly stated that Blakely is retroactive. Second, consistent with Summerlin and the post-Apprendi decisions of the First Circuit and other courts of appeals, Blakely does not alter the range of conduct or the class of persons subject to punishment. Instead,

6

it simply changes the method of determining how the defendant should be sentenced.  Therefore, Santiago's motion should be denied based upon lack of retroactivity.

## IV. Assuming Arguendo That <u>Blakely</u> Applies To Santiago's Case, Santiago Procedurally Defaulted His <u>Blakely</u> Claim By Not Raising It On Direct Appeal.

A defendant's failure to raise a claim on direct appeal bars the defendant from raising the claim in a § 2255 collateral attack unless the defendant can show "cause for the failure and actual prejudice." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). <u>See</u> <u>also</u> <u>Smullen v. United States</u>, 94 F.3d 20, 23 (1st Cir. 1996).  The "cause and actual prejudice" standard requires a defendant to show that "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule. <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991).  In addition, the "cause and actual prejudice" standard requires the defendant to show that the error "worked to his <u>actual</u> and substantial disadvantage, infecting his original trial with error." <u>Frady</u>, 456 U.S. at 170 (emphasis in original).

The only exception to the "cause and actual prejudice" requirement is the "actual innocence" exception. <u>See e.g.</u> <u>McCleese v. United States</u>, 75 F.3d 1174, 1177-78 (7th Cir. 1996). If a defendant cannot establish cause and prejudice for his procedural default, the defendant cannot have his or her claim heard on collateral review unless he establishes "actual

innocence." Id.

     In the present case, Santiago has procedurally defaulted his
Blakely claim because he never raised the claim on direct appeal.
Santiago has not show how "any objective factor external to the
defense" impeded his ability or efforts to raise his procedurally
defaulted claim on direct appeal.  The mere fact that Santiago or
his counsel may have believed that a Sixth Amendment jury trial
challenge would not have been successful does not constitute
cause.  "The futility of presenting an objection . . . cannot
alone constitute cause for a failure to object at trial." Engle
v. Isaac, 456 U.S. 107, 130 (1982). See Bousley v. United States,
523 U.S. 614, 623 (1998).

     Santiago also cannot show actual prejudice.  "Actual
prejudice is demanding standard that requires a showing
"significantly higher" than he would be required to satisfy on
direct review under the plain-error standard. Frady, 456 U.S. at
167.  Santiago cannot satisfy this standard because by virtue of
his admissions to the enhancements in his plea agreement,
Santiago could not satisfy the lower plain-error standard. See
United States v. Savarese, No. 04-1099 (1st Cir. Sept. 22, 2004)
(even if Blakely applies to the Sentencing Guidelines, "the
defendant did not dispute the factual basis underlying any of the
enhancements", thus foreclosing a finding of plain error.).

     Finally, Santiago also does not appear to claim that he is

8

actually innocent.  Instead, he acknowledges his guilt, and does not dispute the discovery of the crack cocaine at the various locations or his use of his brother's house.  Santiago has not and cannot show he is "factually innocent" by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have" found the enhancing factor.  See Bousley, 523 U.S. at 623.  Therefore, his § 2255 motion should be dismissed as procedurally defaulted.[1]

**V.    Conclusion**

Based upon the foregoing, the Government asks that the court deny the defendant's § 2255 motion.

Filed this 21th day of October, 2004.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

WILLIAM M. WELCH II
Assistant United States Attorney

---

[1] Santiago also raises a second issue regarding his Base Offense Level computation under § 2D1.1(a)(3) and its interplay with § 3B1.2.  This claim appears to have merit.  The Government requests that the U.S. Probation Office re-check the original guidelines calculation and determine whether or not the guidelines were computed erroneously.  If so, Santiago should be re-sentenced on that claim alone.

9

## CERTIFICATE OF SERVICE

Hampden,  ss.                        Springfield, Massachusetts
                                     October 21, 2004


     I, William M. Welch, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing by mailing
said motion to:

Ferdinand Santiago
No. 90727-038
Federal Correctional Institution
P.O. Box 2000 East - Bldg. 5703
Fort Dix, NJ  08640

Mark Mastrioanni, Esq.
95 State Street
Springfield, MA  01103 No. 90727-038

                                     WILLIAM M. WELCH II
                                     Assistant United States Attorney

10