

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*
*Fax (413) 785-0394*

*Federal Building and Courthouse*
*1550 Main Street, Room 310*
*Springfield, Massachusetts 01103*

June 13, 2003

Mark Mastrioanni, Esq.
95 State Street
Springfield, MA  01103

    **Re:  United States v. Ferdinand Santiago**
           **CR-N-30011-FHF**

Dear Mr. Mastrioanni:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Ferdinand Santiago ("Defendant"), in the above-captioned case.  The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to a two count Information in which he is named with the following violations:  Establishment of a Manufacturing Operation, a violation of 21 U.S.C. § 856(a)(2), and Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1).  Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One and Two of the Information, and is in fact guilty of those offenses.  The U.S. Attorney agrees to dismiss Indictment No. CR-N-30011-FHF after defendant's sentencing.

    2.    <u>Penalties</u>

    Defendant faces a maximum term of imprisonment of twenty years, a $500,000.00 fine, and three years of supervised release for the 21 U.S.C. § 856 violation.

    Defendant faces a maximum term of imprisonment of ten years,

1



a $250,000.00 fine, and three years of supervised release for the 18 U.S.C. § 922(g) violation.

3. <u>Sentencing Guidelines</u>

The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing guidelines:

A. §2D1.8(a)(1) applies because the total amount of crack cocaine equals 210 grams, and the defendant participated in the underlying controlled substance violation. This equals an Offense Level 34;

B. §3B1.2(b) applies because the defendant was a minor participant relative to Maribel Roman. The evidence available to the United States showed that Maribel Roman actively distributed the vast majority of cocaine base out of 266 Pine Street. This reduces the Offense Level to an Offense Level 32;

C. §2K1.2(a)(4)(B) applies because the defendant had committed the instant offense subsequent to a felony controlled substance violation. This equals a Base Offense Level 20. The possession of three firearms increases the Base Offense Level to an Offense Level 22;

D. §3D1.4(c) applies to the grouping of the 21 U.S.C. § 856 offense and the 18 U.S.C. § 922(g) offense. Because the difference in Offense Levels is 9 levels or more, there is no effect upon the drug Offense Level 32;

E. §3E1.1(b) applies because the defendant accepts responsibility. This reduces the Base Offense Level to an Offense Level 29;

F. The Government calculates the defendant's criminal history as a Criminal History Category III based upon a total of 6 points; and,

G. Therefore, the defendant faces a sentencing range of 108 months to 135 months at a Criminal History Category III.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime; and/or

(i) Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

    A. A term of imprisonment of 120 months; and,

    B. The United States agrees to recommend to the Bureau of Prisons credit for time served. Defendant understands that the Bureau of Prisons retains sole discretion in determining whether or not Defendant should receive credit for time served.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly described in paragraph 3 above.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    A. Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    B.    The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.    <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's guilty plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

8.    <u>Forfeiture</u>

By this agreement, Carlos Santiago agrees to forfeit to the Commonwealth of Massachusetts any and all assets currently subject to restraint or seizure under state law. Carlos Santiago admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Carlos Santiago's unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Count One of the Indictment. Carlos Santiago therefore consents to the forfeiture of all of Carlos Santiago's interests in all such forfeitable assets to the Commonwealth of Massachusetts. The forfeitures may be carried out criminally, civilly, or administratively in the Commonwealth's discretion.

9. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. <u>Withdrawal of Plea By Defendant</u>

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the

District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William M. Welch II.

    Very truly yours,

    MICHAEL J. SULLIVAN
    United States Attorney

By: _____
    KEVIN O'REGAN
    Assistant U.S. Attorney
    Chief,
    Springfield Office

    WILLIAM M. WELCH II
    Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter or I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Ferdinand Santiago
Defendant

Date: 6/9/03

I certify that Ferdinand Santiago has read this Agreement or has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Mark Mastrioanni, Esq.
Attorney for Ferdinand Santiago

Date: 6/16/03

8

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                4381
CONNECTION TEL                    87464971
SUBADDRESS
CONNECTION ID
ST. TIME                06/25 09:54
USAGE T                 02'40
PGS. SENT               9
RESULT                  OK
```

Department of Justice
United States Attorney's Office
Federal Building and Courthouse
1550 Main Street, Room 310
Springfield, Massachusetts 01103

Main Reception: (413) 785-0235

Michael J. Sullivan
United States Attorney
District of Massachusetts

## Facsimile Transmission Cover Page

TO: _Mark Mastroianni_

### SENSITIVE U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents constitutes sensitive information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

FROM: _Bill Welch_

Sender's Phone No.: (413) 785-0237

Sender's Receiving Fax No.: (413) 785-0394

Recipient's Fax No.: (    ) 746-4971

Date: 6/25/03                    Pages: 8
                                 (excluding cover sheet)

Re: _Santiago plea agreement_