IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FERDINAND SANTIAGO,
          Petitioner,

-v-                                   CA-04-30186-MAP (Arising From)
                                      Case No. 3:03-CR-30011-001

UNITED STATES OF AMERICA,
          Respondent,

................................

**MOTION FOR LEAVE TO AMEND 28 U.S.C. § 2255
MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE**

   NOW INTO COURT, Comes Ferdinand Santiago, the petitioner appearing through Pro-Se representation and respectfully moves this Honorable Court to file an Amendment to his 28 U.S.C. § 2255 Motion To Vacate, Set-Aside Or Correct Sentence Pursuant To Federal Rules Of Civil Procedures Rule 15(a). Leave to amend shall be freely given when justices so requires.

   This is a Pro-Se Motion and such is to be held to less stringent standards than those drafted by an attorney. **CRUZ V. BETO,** 405 U.S. 319 (1972). **HAINES V. KERNER,** 30 L. Ed. 2d. 652 (1972). Where inmates are faced with difficulties due to incarceration, courts have special responsibility to construe Pro-Se complaints liberally, to allow ample opportunity to amend and to permit adjudication on merits rather than dismiss on technical ground. **HUGHES V. ROWE,** 66 L. Ed. 2d. 163 (1980).

   A memorandum brief in support of this motion is made part of this motion by reference herein.

                                      Respectfully Submitted

                                      [signature]
                                      Ferdinand Santiago-Pro-Se

## MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND 28 U.S.C. § 2255 MOTION TO VACATE, SET-ASIDE, OR CORRECT SENTENCE

Title 28 U.S.C. § 2242 provides that Habeas Corpus applications "may be amended or supplemented as provided in the Rules of procedures applicable to civil action" Rule 12 of the Rules governing 28 U.S.C. § 2255 proceedings authorizes the use of the Federal Rules Of Civil Procedure to be applied to § 2255 proceedings.

The Federal Rules Of Civil Procedures, Rule 15(a) gives habeas corpus petitioners like other civil complainants the right to amend the petition once without leave of the court "at any time before[the government files] a responsive pleading." **WILLIS V. COLLINS,** 989 F. 2d. 187. After the petitioner files one pre-answer amendment or the respondent submits an answer or other reponsive pleading, Civil Rule 15 permits amendment "by leave of court or by written consent of the adverse party." **WITHROW V. WILLIAMS,** 113 S. Ct. 1745 (1993).

Leave to amend shall be freely given when justices so requires. **SANDERS V. UNITED STATES,** 10 L. Ed. 2d. 148. An amendment to a § 2254 or § 2255 must be filed within the one-year period of limitations set forth under the 1996 AEDPA. **UNITED STATES V. CRAYCRAFT,** 167 F. 3d. 451.

POINTS AND AUTHORITIES:

Courts have found that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of his or her counsel effectively deprived the defendant of the right to appeal. BONNEAU V. UNITED STATES, 961 F. 2d. 17 (1st. Cir. 1992); CASTELLANOS V. UNITED STATES, 26 F. 3d. 717 (7th Cir. 1994); WILLIAM V. LOCKHART, 849 F. 2d. 1134 (8th Cir.); UNITED STATES V. PEAK, 992 F. 2d. 39 (4th Cir.) RESTREPO V. KELLY, 178 F. 3d. 634 (2nd. Cir.) ROE FLORES-ORTEGA, 145 L. Ed. 2d. 985 (2000).

In CASTELLANOS V. UNITED STATES, 26 F. 3d. 717, it held that "if the defendant told his lawyer to appeal, and the lawyer dropped the ball, than the defendant has been deprived, not of effective assistance of counsel but of any assistance of counsel on appeal. Abandonment is a Per-Se violation of the Sixth Amendment. Id. at 718.

In BONNEAU, this circuit joined every other circuit that has addressed the question in holding that a showing of prejudice is not required under STRICKLAND when the defendant sought to appeal his conviction but his attorney in effect abandoned the appeal. BATISTA-ZABALA V. UNITED STATES, 962 F. Supp. at 247 (1st. Cir.Quoting BONNEAU(Holding that a person deprived of the right to direct appeal in a criminal case "through the dereliction of his counsel" must have a new appeal regardless of whether he can demonstrate the existence of any viable appellate issue. Also See UNITED STATES V. PEAK, 992 F. 2d. 39; UNITED STATES V. HORODNER, 993 F. 2d. 191; UNITED STATES V. DAVIS, 929 F. 2d. 554; WILLIAMS V. LOCKHART, 849 F. 2d. 1134.

"Request" is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue. **CASTELLANOS V. UNITED STATES**, 26 F. 3d. 717(Quoting <u>U.S. V. MOSLEY</u>, 967 F. 2d. 242). The constitution does not require a lawyer to advise the client of the right to appeal, the duty rests principally on the judge and even if both judge and counsel forget to provide this advice most defendants know about the possibility of appeal and cannot complain if they are not furnished redundant information. But five years ago in **FLORES-ORTEGA**, 145 L. Ed. 2d. 985, the Supreme Court provided the proper framework for evaluating claims that criminal defense counsels could be constitutionally ineffective for failing to file a notice of appeal without the defendants consent, as among other matters (1) Counsel had a constitutionally imposed duty to consult the criminal defendant only when there was reason to think either that (a) a rational defendant would have wanted to appeal, or (b) a particular defendant reasonably demonstrated to counsel that he was interested in appealing; and (2) the defendant was required to demonstrate that there was a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, the defendant would have timely appealed. Id.

Hence only a failure to appeal a judgment that the defendant desired to appeal is problematic. If the defendant wants to take an unprudent appeal, the lawyer properly may try to talk him out of it, but if the defendant nonetheless insists on appealing like in Mr. Santiago's case, the lawyer must file the notice of appeal and represent his client earnestly unless relieved by the court of appeals.

The Sixth Amendment guarantees a criminal defendant the right to counsel on his first appeal as of right. **DOUGLAS V. CALIFORNIA,** 9 L. Ed. 2d. 811 (1963). It also guarantees a defendant the effective assistance of counsel on such appeal. **EVITTS V. LUCEY,** 83 L. Ed. 2d. 821 (1985). As a general matter, it is through counsel that all other rights of the accused are protected. "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have." **KIMMELMAN V. MORRISON,** 91 L. Ed. 2d. 305 (1986): **UNITED STATES V. CRONIC,** 80 L. Ed. 2d. 657 (1984).

The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over, as stated in **EVITT V. LUCEY,** 83 L. Ed. 2d. 821(1985).

> " In bringing an appeal as of right from his conviction a criminal "
> defendant is attempting to demonstrate that the conviction, which
> its consequent drastic loss of liberty, is unlawful. To prosecute
> the appeal, a criminal appellant must face an adversary proceeding
> that like a trial, it is governed by intricate rules that to a lay-
> person would be hopelessly forbidding.
>
> **An unrepresented appellant like an unrepresented defendant at trial
> is unable to protect the vital interest at stake.**
>
> **PENSON V. OHIO,** 488 U.S. 75, 84-85, 109 S. Ct. at 396

The actual or constructive denial of the assistance of counsel altogether "Whether at the trial level or in a first appeal as of right, it still considered a constitutional error." PENSON V. OHIO, 102 L. Ed. 2d. 300 (1988)(Quoting STRICKLAND). Actual denials of counsel include the courts failing to grant a defendant request for assignment of counsel. COLEMAN V. THOMPSON, 501 U.S. at 742; And courts allowing counsel to withdraw without appointing new counsel. PENSON V. OHIO. Id.

Constructive denials of counsel include counsels total or near-total derelictions in representation. JENKINS V. COOMBE, 821 F. 2d. 158 (2nd Cir.) Filing cursory five-page brief on appeal. Sleeping through trial. TIPPINS V. WALKER, 77 F. 3d. 682 (2nd Cir.) Failing to honor defendants instructions to file a notice of appeal. BONNEAU V. UNITED STATES, 961 F. 2d. 17 (1st. Cir.); UNITED STATES V. PEAK, 992 F. 2d. 39 (4th Cir.) LUDWIG V. UNITED STATES, 162 F. 3d. 456 (6th Cir.); UNITED STATES V. HORODNER, 993 F. 2d. 191 (9th Cir. 1993).

This Circuit has concurred with the Seventh Circuit in hold that:

> "If the defendant told his lawyer to appeal, from the conviction" and the lawyer dropped the ball. Than the defendant has be deprived not of effective assistance of counsel but of any assistance of counsel on appeal. Abandonment is a Per-Se violation of the Sixth Amendment."

CASTELLANOS V. UNITED STATES, 26 F. 3d. at 720

GROUND ONE:

## PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT
## TO EFFECTIVE ASSISTANCE OF COUNSEL AS COUNSEL
## FAILED TO FILE A NOTICE OF APPEAL WHEN INSTRUCTED

Under **STRICKLAND V. WASHINGTON,** 80 L. Ed. 2d. 674 (1984), a petitioner claiming ineffective assistance of counsel must show: First, that his counsel's performance was deficient and Second, that the deficiency "prejudiced the defense The **STRICKLAND** standard, however allows for a "presumption" of prejudice where there is an actual or constructive denial of the assistance of counsel altogether **STRICKLAND** noted that "prejudice in circumstances like in Mr. Santiago's case is so likely that case-by case inquiry into prejudice is not worth the cost. **CASTELLANOS** 26 F. 3d. 717: **UNITED STATES V. NAGIB,** 44 F. 3d.

### INCORPORATION OF AFFIDAVIT

The affidavit of Ferdinand Santiago, attached is hereby incorporated in full and by reference in support of ground one herein. Moreover, these affidavits must be taken by this Honorable Court as true and correct, setting forth material facts which can only be opposed by the submission of a separate affidavit placing material facts in dispute. In the event that an affidavit is submitted by the government or other parties placing material facts in dispute an evidentiary hearing will be necessary and is hereby requested. **MACHIBRODA V. UNITED STATES ,** 7 L. Ed. 2d. 473.

DISCUSSION:

In Mr. Santiago's case he specifically instructed and indicated to his defense attorney Mark G. Mastroianni that he wished to appeal his sentence not his conviction, since he didn't believe he should have been charged for the eleven under-cover deals he didn't participate in as Santiago's Presentence investigation Report page nine indicates. Also Please See Attached Letter Exhibit A. Additionally at Santiago's sentencing hearing on October 15, 2003, Santiago was advised of his right to appeal his sentence, even though that right was limited, Mr. Santiago instructed his defense counsel to file a notice of appeal. Please See Attached Sworn Affidavit.

Thus, by Mr. Santiago pointing out to his defense counsel Mr. Mastroianni on October 10, 2003, five days before sentencing that he wanted him to file a motion challenging the offense conduct, Santiago demonstrate to his defense counsel that he wasn't very happy with his sentence and was very interested in appealing the sentence and that if Santiago was timely notified about his defense counsel not filing a timely notice of appeal, Mr. Santiago would have personally timely file a notice of appeal. **FLORES-ORTEGA,** 145 L. Ed. 2d. 985. This goes besides the fact that Mr. Santiago specifically instructed his defense counsel to appeal his sentence after the sentencing phase of Mr. Santiago on October 15, 2003.

Therefore, based on the aftermention, Mr. Ferdinand Santiago respectfully request from this Honorable Court leave to file this amendment into his initial Motion Pursuant To 28 U.S.C. 2255, as so justice so requires.

Respectfully Submitted

Ferdinand Santiago-Pro-Se
Reg#90727-038-Dorm-211
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814


Executed On This 23rd Day Of December 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FERDINAND SANTIAGO,
        Petitioner,

-v-                                  CA-04-30186-MAP (Arising From)
                                      Case No. 3:03-CR-30011-001

UNITED STATES OF AMERICA,
        Respondent,

..................................

    I, Ferdinand Santiago, Being Duly Sworn, Deposes And Swears Under Oath That The Following Statements Are True And Accurate To The Best Of My Knowledge:

1. That, I am the petitioner in the above mention case.

2. That, this affidavit is in support of my Motion For Leave To Amend My Motion Pursuant To 28 § 2255.

3. That, on October 10, 2003, I submitted a written letter to my defense counsel indicating my concern on my sentence and instructing him to appeal my relevant conduct.

4. That, after sentencing I instructed my defense attorney to file a notice of appeal challenging the relevant conduct, I had previously indicated.

5. That, I will testify to these facts as I remember them and to the best of my ability if a hearing is held on my behalf.

    AFFIANT FURTHER SAYTH NAUGHT

    Executed On This 23rd Day Of December 2004

                                              Respectfully Submitted

                                              Ferdinand Santiago