IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FERDINAND SANTIAGO,
        Petitioner,

-v-                                  District Court No# 04-CV-30186
                                      Appeal No# 05-1098

UNITED STATES OF AMERICA,
        Respondent,

. . . . . . . . . . . . . . . . . . . . . . .

**MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

    NOW INTO COURT, Comes Ferdinand Santiago, the petitioner, appearing through Pro-Se representation and respectfully request and moves this Honorable Court for leave to proceed on appeal through in forma pauperis from the judgement entered on November 5, 2004, without prepayment of costs and fees, and without giving security therefor.

    This is a Pro-Se motion and such is to be held to less stringent standards than those drafted by an attorney. **HAINES V. KERNER,** 30 L. Ed. 2d. 652 (1972): The allegations in a Pro-Se motion must be taken as true and construe in favor of the defendant. **CRUZ V. BETO,** 31 L. Ed. 2d. 263 (1972).

    An Affidavit In Support Of This Motion To Proceed On Appeal In Forma Pauperis Is Attached Hereto And Made Part Of This Motion By Reference Herein.

                                                      Respectfully Submitted

                                                      Ferdinand Santiago-Pro-Se
                                                      Reg#90727-038-Dorm-211
                                                      Duluth Federal Prison Camp
                                                      P.O. Box 1000
                                                      Duluth MN 55814

Executed On This 28th Day Of March 2005.

# Affidavit to Accompany
# Motion for Leave to Appeal in Forma Pauperis

District Court No. 04-CV-30186
Appeal No. 05-1098

Ferdinand Santiago

v.

United States of America

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct.(28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed:

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.
Date: 3-28-05

My issues on appeal are:

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 19.30 | $ N/A | $ 19.30 | $ N/A |
| Self-employment | $ -0- | $ N/A | $ -0- | $ N/A |
| Income from real property (such as rental income) | $ -0- | $ N/A | $ -0- | $ N/A |
| Interest and dividends | $ -0- | $ N/A | $ -0- | $ N/A |

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Gifts | $ -0- | $ N/A | $ -0- | $ N/A |
| Alimony | $ -0- | $ N/A | $ -0- | $ N/A |
| Child support | $ -0- | $ N/A | $ -0- | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance | $ -0- | $ N/A | $ -0- | $ N/A |
| Disability (such as social security, insurance payments) | $ -0- | $ N/A | $ -0- | $ N/A |
| Unemployment payments | $ -0- | $ N/A | $ -0- | $ N/A |
| Public-assistance (such as welfare) | $ -0- | $ N/A | $ -0- | $ N/A |
| Other (specify): | $ -0- | $ N/A | $ -0- | $ N/A |
| Total Monthly income: | $ 19.30 | $ N/A | $ -0- | $ N/A |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| Unavailable | | | |
| | | | |
| | | | |

3. List your spouses's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | | N/A | |
| N/A | | N/A | |

2

4. *How much cash do you and your spouse have?* $ _-0-_

   Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| -0- | -0- | $ -0- | $ -0- |
|  |  | $ | $ |
|  |  | $ | $ |

**If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

5. *List the assets, and their values, which you or your spouse owns. Do not list clothing and ordinary household furnishings.*

| **Home** | (Value) | **Other real estate** | (Value) | **Motor Vehicle #1** | (Value) |
|---|---|---|---|---|---|
| N/A |  | N/A |  | Make & year: | |
|  |  |  |  | Model: N/A | |
|  |  |  |  | Registration#: | |

| **Motor Vehicle #2** | (Value) | **Other assets** | (Value) | **Other assets** | (Value) |
|---|---|---|---|---|---|
| Make & year: N/A |  | N/A |  | N/A | N/A |
| Model: |  |  |  |  |  |
| Registration#: |  |  |  |  |  |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | N/A | N/A |
|  |  |  |
|  |  |  |

7. *State the persons who rely on you or your spouse for support.*

| **Name** | **Relationship** | **Age** |
|---|---|---|
|  |  |  |
|  |  |  |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

|  | You | Spouse |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ -0- | $ N/A |
| Are any real estate taxes included? ☐ Yes ☐ No | | |
| Is property insurance included? ☐ Yes ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and Telephone) | $ -0- | $ N/A |
| Home maintenance (repairs and upkeep) | $ -0- | $ N/A |
| Food | $ -0- | $ N/A |
| Clothing | $ -0- | $ N/A |
| Laundry and dry-cleaning | $ -0- | $ N/A |
| Medical and dental expenses | $ -0- | $ N/A |
| Transportation (not including motor vehicle payments) | $ -0- | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ -0- | $ N/A |
| Insurance (not deducted from wages or included in Mortgage payments) | $ -0- | $ N/A |
|     Homeowner's or renter's | $ -0- | $ N/A |
|     Life | $ -0- | $ N/A |
|     Health | $ -0- | $ N/A |
|     Motor Vehicle | $ -0- | $ N/A |
|     Other: _____ | $ -0- | $ N/A |
| Taxes (not deducted from wages or included in Mortgage payments)(specify): _____ | $ -0- | $ N/A |
| Installment payments | $ -0- | $ N/A |
|     Motor Vehicle | $ -0- | $ N/A |
|     Credit card (name): _____ | $ -0- | $ N/A |
|     Department store (name): _____ | $ -0- | $ N/A |
|     Other: _____ | $ -0- | $ N/A |

| | | |
|---|---|---|
| Alimony, maintenance, and support paid to others | $ -0- | $ N/A |
| Regular expenses for operations of business, profession, or farm (attach detailed statement) | $ -0- | $ N/A |
| Other (specify): Hygiene Material Such As Tooth-Paste, Soap, Shampoo, Etc. Since The Prison Does Not Furnish Such Needed Material | $ 19.30 | $ N/A |
| **Total monthly expenses:** | $ 19.30 | $ N/A |

9. *Do you expect any major changes to your monthly income or expenses in your assets or liabilities during the next 12 months?*
☐ Yes ☒ No            If yes, describe on an attached sheet.

10. *Have you paid — or will you be paying — an attorney any money for services in connection with this case, including the completion of this form?* ☐ Yes ☒ No

If yes, how much? $ N/A

If yes, state the attorney's name, address, and telephone number:

N/A

11. *Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?*
☐ Yes ☒ No

If yes, how much? $ N/A

If yes, state the person's name, address, and telephone number:

N/A

12. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

Willfully unemployed due to my incarceration

5

*13. State the address of your legal residence.*

    Duluth Federal Prison Camp, P.O. Box 1000

    Duluth MN 55814

Your daytime phone number: (    )   N/A

Your age: 35    Your years of schooling: 10th Grade

Date: 03/28/2005
Time: 9:42:45 am

Federal Bureau of Prisons
TRUFACS
**Inmate Statement**
Limited Official Use

Facility: DTH

### General Information

| | | | |
|---|---|---|---|
| Inmate Reg#: | 90727038 | Living Quarters: | S01-102L |
| Inmate Name: | SANTIAGO, FERDINAND | Arrived From: | OXF |
| Current Site Name: | Duluth FPC | Transferred To: | |
| Housing Unit: | ST LOUIS | Account Creation Date: | 11/24/2003 |

### Transaction Details

| Alpha Code | Date Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| DTH | 02/22/2005 05:31:56 PM | 31 | | | Sales | ($32.55) | | $87.79 |
| DTH | 03/01/2005 05:34:20 PM | 59 | | | Sales | ($21.20) | | $66.59 |
| DTH | 03/04/2005 10:37:15 AM | 5JV043 | | | Payroll - IPP | $16.80 | | $83.39 |
| DTH | 03/05/2005 02:53:58 PM | ITS0305 | | | ITS Withdrawal | ($3.00) | | $80.39 |
| DTH | 03/07/2005 05:25:22 PM | ITS0307 | | | ITS Withdrawal | ($1.00) | | $79.39 |
| DTH | 03/09/2005 05:23:50 AM | 70127901 | | | Lockbox - CD | $50.00 | | $129.39 |
| DTH | 03/09/2005 01:34:13 PM | 25 | | | Sales | ($29.35) | | $100.04 |
| DTH | 03/12/2005 11:33:37 AM | ITS0312 | | | ITS Withdrawal | ($2.00) | | $98.04 |
| DTH | 03/15/2005 05:07:16 PM | 9 | | | Sales | ($30.25) | | $67.79 |
| DTH | 03/16/2005 07:40:54 PM | 123 | | | Sales | ($4.00) | | $63.79 |
| DTH | 03/18/2005 08:03:07 PM | ITS0318 | | | ITS Withdrawal | ($3.00) | | $60.79 |
| DTH | 03/21/2005 07:19:31 PM | 33312005 | | | Western Union | $150.00 | | $210.79 |
| DTH | 03/21/2005 08:46:53 PM | ITS0321 | | | ITS Withdrawal | ($5.00) | | $205.79 |
| DTH | 03/22/2005 05:04:03 PM | 17 | | | Sales | ($26.45) | | $179.34 |
| DTH | 03/22/2005 07:51:02 PM | 118 | | | Sales | ($27.35) | | $151.99 |
| DTH | 03/24/2005 08:06:51 PM | 131 | | | Sales | ($25.50) | | $126.49 |
| | Total Transactions: | 57 | | | | $5.78 | $0.00 | |

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Hold | Account Balance |
|---|---|---|---|---|---|---|---|---|
| DTH | $126.49 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $126.49 |
| Totals: | $126.49 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$126.49** |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


FERDINAND SANTIAGO,
        Petitioner,

-V-                                  District Court No# 04-CV-30186

                                          Appeal No# 05-1098

UNITED STATES OF AMERICA,
        Respondent,


............................

**CERTIFICATE OF APPEALABILITY**


    NOW INTO COURT COMES, Ferdinand Santiago, the petitioner, appearing through Pro-Se representation and respectfully moves this Honorable Court for a Certificate of Appealability.



    This is a Pro-Se motion and such is to be held to less stringent standards than those drafted by an attorney. **HAINES V. KERNER**, 30 L. Ed. 2d. 652 (1972): The allegations in a Pro-Se motion must be taken as true and construe in favor of the defendant. **CRUZ V. BETO**, 31 L. Ed. 2d. 263 (1972).



    In Support Thereof, Petitioner States As Follows:

**POINTS AND AUTHORITIES**

A.  CERTIFICATE OF APPEALABILITY

"[I]f a constitutional theory is insubstantial, it is hard to see why a court of appeals should remand, whether or not the district court took a procedural misstep. Harmless errors must be disregarded, and a gaffe that prevents a district court from addressing an insubstantial claim is harmless. If the constitutional issue turns out to be substantial, and a procedural error blocked its consideration in the district court, an appellate tribunal ordinarily would remand so that the district judge can address the substantive contention in the first instance. But it is vital for the briefs to provide information and argument enabling the appellate court to determine whether at least one constitutional issue justifies continued litigation... The order days that constitutional questions must be briefed to the extent that **SLACK** (529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)) requires, and counsel rightly concluded that **SLACK** imposes duties on judges rather than lawyers, and thus never requires any particular question to be brief. The duty is a judicial one- to state in the certificate the substantial constitutional question to which the statutory issue is pendent. Counsel took a risk by disdaining their opportunity to show that [petitioner] has a substantial constitutional claim that justifies further proceedings in the district court, but given the certificate's language the worst consequences of risk-taking do not come to pass. Future petitioners and their lawyers should undertake to show that substantial constitutional issue exists..." (quoting **BEYER V. LITSCHER**, 306 F. 3d 504, 507 (7th Cir. 2002)).

**GROUND ONE:**

DISTRICT COURT ERRED BY HOLDING THAT PETITIONERS BASE OFFENSE LEVEL
WAS COMPUTED PROPERLY WHEN IN FACT IT WASN'T

Part D- Offenses Involving Drugs United States Sentencing Guidelines § 2D1.1(a)(3), was Amended by Amendment 640, that went into effect in late November of 2002. Please See Federal Sentencing Guidelines Manual 2003 Edition Appendix C Page 1339.

§ 2D1.1(a)(3) Stated As Follows Prior To The Amendment:

"The offense level specified in the drug quantity table set forth in sub-section (c) below."

United States Sentencing Guidelines 2001 Page 110

The Following Was Inserted In Place Of The Above In November 2002:

"The offense level specified in the drug quantity table set forth in Sub-section (c), except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), The base offense level under this subsection shall be not more than 30."

Please See Federal Sentencing Guidelines Manual 2003 Edition Appendix C At Page 1339

-3-

This amendment responded to concerns that the guidelines pertaining to drug offenses did not satisfactorily reflected the culpability of certain offenders. The amendment modified U.S.S.G. § 2D1.1(a)(3) to provide a maximum base offense level of level 30 if the defendant received an adjustment under §3B1.2(Mitigating Role). The maximum base offense level somewhat limits the sentencing impact of drug quantity for offenders who perform relatively low level trafficking function, have little authority in the drug trafficking organization, and have a lower degree of individual culpability(e.g. "Mules or Couriers." whose most serious trafficking function is transporting drugs and who qualify for a mitigating role adjustment).

Part of amendment 640 reflected the concerns that base offense levels derived from the drug quantity table in § 2D1.1 overstated the culpability of certain drug offenders who met the criteria for a mitigating role adjustment under § 3B1.2. The commission determined that, ordinarily a maximum base offense level of level 30 would adequately reflect the culpability of a defendant who qualifies for a mitigating role adjustment under U.S.S.G. § 3B1.2.

Viewed against this backdrop, Mr. Santiago asserts that the United States Probation officer erred when he erroneously calculated Santiago's guideline calculations, as did the district court by adopting the erroneous probation officers guideline recommendations.

On September 8, 2003, United States Probation Officer Richard Rinald prepared Mr. Ferdinand Santiago's Presentence Investigation Report, and found that Santiago's offense involved 210 grams of cocaine base and determined that Santiago's base offense level should be 34. PSI At ¶ 31. Mr. Rinald than recommended that Mr. Santiago receive a two-level reduction from his base offense level of 34, pursuant to United States Sentencing Guideline 3B1.2(b), for being a minor participant in the criminal activity. PSI At ¶ 33, resulting in a subtotal of level 32.

Because Santiago was convicted of more than one unrelated count Santiago's counts were grouped and the combined offense level was determined by applying the rules of U.S.S.G. § 3D1.3 and § 3D1.4. Which the offense level calculations under U.S.S.G. § 2K2.1(a)(6)(A) are not in dispute here. PSI At ¶ 37 Thru 42. Thus we will continue with Group I. Because Group I adjusted offense level of 32 was the greatest of the adjusted offense level, the combined adjusted offense level was 32. PSI ¶ 45 Thru 48, than Mr. Rinald the probation officer recommended a three level reduction for acceptance of responsibility which was subtracted from level 32, Thus, the total offense level the probation officer determine to be was offense level 29. PSI ¶ 50. The total criminal history points for Santiago was determine to be 6, according to the sentencing table(U.S.S.G. Chapter 5, Part A) 4 to 6 criminal history points establish a criminal history category of III. Hence the probation officer determined that Santiago's guideline range were 108 months to 135 months. Mr. Santiago was eventually sentenced to 120 months.

The problem Mr. Santiago brings forth to this Honorable Court requesting a Certificate Of Appealibility is the fact that the United States probation officer over-looked Amendment 640, during his calculations, that was implemented when the the United States probation officers calculations were made to determine Mr. Santiago's base offense level. Hence, instead of the United States Probation officer reducing Santiago's offense level by two levels as he did. PSI ¶ 33, the probation officer proper method to determine the base offense level here was to make Santiago's Base Offense Level a 30 not 34 as he erroneously did. PSI ¶ 34. Also Please See Amendment 640 At U.S.S.G. Manual 2003 Edition Appendix C Page 1339.

Thus, Group I Adjusted offense level should have been level 30 not 32. PSI ¶ 43, and the combined adjusted offense level should have been 30 not 32. PSI ¶ 48. Hence, Santiago's total offense level after receiving acceptance of responsibility should be level 27, not level 29 as the probation officer erroneously determine. PSI ¶ 50. Therefore resulting in Santiago's guideline range being 87 Months To 108 Months not 108 Months To 135 Months as the Probation Officer erroneously determined. Additionally, it should be noted that on the governments response to Mr Santiago ̓s allegations on this serious issue dated October 21, 2004 the government consents to this serious guideline calculation error and recommends that the United States Probation Officer re-check this serious error and re sentence Mr Santiago on this serious calculation error. Please See Governments Response To Santigo's 2255 Motion Page 9.

Thus Mr. Santiago asserts that he has brought forth a substantial constitutional violation issue that warrants a certificate of appealability. WHEREFORE Mr Santiago prays that this Honorable Court issue him a certificate of appealability on the aftermention issue and grant him forma pauperis status in order to proceed to the courts of appeals without prepayment of costs and fees

Respectfully Submitted

*[signature]*

Ferdinand Santiago Pro-Se
Reg#90727-038-Dorm-211
Duluth Federal Prison Camp
P.O. Box 1000
Duluth MN 55814

Executed On This 28th Day Of March 2005

CERTIFICATE OF SERVICE

I, Ferdinand Santiago, hereby certify under the penalty of perjury that on the last date given below, I deposited a true and correct copy of my MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS AND CERTIFICATE OF APPEALIABILITY In the Duluth Federal Prison Camps Legal Mail system with first class postage to insure its delivery to:

William M. Welch II
Assistant United States Attorney
Federal Building & Courthouse
1550 Main ST. Room 310
Springfield, MA 01103

Executed On This 28th Day Of March 2005

*[signature]*
Ferdinand Santiago

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FERDINAND SANTIAGO,
           Petitioner,

-V-
                                           District Court No# 04-CV-30186
                                           Appeal No# 05-1098

UNITED STATES OF AMERICA,
           Respondent,

............................

**AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN**
**FORMA PAUPERIS**

I, Ferdinand Santiago Being Duly Sworn, Depose And Says That:

1. I am the petitioner in this action.

2. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress; and that the issues which I desire to raise on appeal will entitle a reversal of the judgment mentioned on the following grounds:

3. I specified the proposed grounds for appeal on my Certificate Of Appealability which is attached herein.

4. I have nothing in value of cash, checking, savings and/or other bank accounts, stocks, bonds, and assets. Additionally, I am employed by the Duluth Federal Prison Camp which I average $19.20 a month.

5. I Ferdinand Santiago, therefor request leave to prosecute the proposed appeal through in forma pauperis status.

I understand that a false statement in this affidavit will subject me to the penalties of perjury.

I declare under penalty of perjury pursuant Title 28, United States Code, Section 1746, and 18 United States Code, Section 1621, that the foregoing information contained herein this affidavit is true and correct.

Respectfully Submitted

Ferdinand Santiago    Pro-Se
REG# 90727-038    Dorm- 211
Duluth Federal Prison Camp
P.O. Box 1000
Duluth, MN  55814

Executed On This 28th Day Of March 2005.